**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**
www.flnb.uscourts.gov

In re:

WAYNE EARL DAHL,                                      Chapter 11 Case
                                                      Case No. 15-50144-KKS

           Debtor.

_____

**STIPULATION FOR ENTRY OF ORDER GRANTING RELIEF FROM STAY**
**TO SECURED CREDITOR, FIRST NATIONAL BANK, PURSUANT TO 11**
**U.S.C. § 362(d) AND EXCUSING COMPLIANCE WITH 11 U.S.C. § 543 BY**
**STATE COURT APPOINTED RECEIVER**

---

Secured Creditor First National Bank and debtor Wayne Earl Dahl ("**Debtor**"), by and through their undersigned counsel, pursuant to 11 U.S.C. § 362(d) and § 543 and Fed. R. Bankr. P. 4001 and 9014, jointly stipulate and move the Court ("**Stipulation**") for entry of an Order granting First National Bank relief from the automatic stay to continue to prosecute its pre-petition state court foreclosure action in Minnesota against Debtor and to excuse compliance with 11 U.S.C. § 543 by the Receiver appointed by the state court in the foreclosure action and permit the Receiver to retain, administer, disburse and account for all rents, documents and other property obtained during the pendency of such receivership since the commencement of this case under and pursuant to the state court order appointing such receiver, in such state court case (and not the present bankruptcy case).  In support of this Stipulation, the parties to this agreement set forth and agree to the following Recitals of Fact:

## RECITATION OF FACTS

1.          On April 22, 2015 ("**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.          Debtor is operating his business as a debtor-in-possession and neither the Court nor the U.S. Trustee has appointed a trustee or formed a committee of unsecured creditors.

3.          First National Bank is a National Banking Corporation with one of its principal places of business located at 13605 - 27th Avenue North, Plymouth, Minnesota 55441.

4.          Golden Valley Office Center, LLC ("GVOC") is a Minnesota limited liability company with its principal place of business located at 810 North Lilac Drive, Suite 273, Golden Valley, Minnesota, 55422.

5.          Wayne E. Dahl is an individual resident of the State of Florida, residing at 5710 East Highway 98, Panama City, Florida 32404.  Dahl is a member and manager of GVOC.

6.          Debtor has been and remains the fee owner of certain real property commonly referred to as 810 North Lilac Drive, Golden Valley, Minnesota  55441, and situated or located within the County of Hennepin, State of Minnesota, and legally described as follows, *to-wit*:

> Lot 3, Block 1; and Outlot A, North Lilac Drive Addition P.U.D. No. 42, according to the recorded plat thereof, and situate in Hennepin County, Minnesota.

2

together with all improvements thereon, and all appurtenances and hereditaments thereto (the "Real Property")

7.　　　First National Bank made two loans to Debtor and GVOC secured by the real property, personal property, and assignments of rents.

### *Loan 1 – Note 700000204*

8.　　　On December 22, 2005, First National Bank (as "Lender"), and Dahl (as "Borrower") executed a Business Loan Agreement.

9.　　　Pursuant and subject to the terms, covenants, and conditions of the Business Loan Agreement, First National Bank agreed to loan Debtor the principal sum of $700,000.00.

10.　　　On December 22, 2005, First National Bank loaned Debtor the sum of $700,000, and Debtor executed and delivered to the plaintiff a Promissory Note (the "First Note") in the original principal sum of $700,000 evidencing the indebtedness created by the loan made by First National Bank.

11.　　　To secure repayment of the First Note, on December 22, 2005, Debtor executed and delivered to First National Bank a Mortgage (the "First Mortgage") which granted a mortgage lien on the Real Property and additional collateral described therein. The First Mortgage was registered as Document No. 4214737 in the office of the Registrar of Titles in and for Hennepin County on January 13, 2006.

12.　　　The First Mortgage created a first priority lien on the Real Property and it secures (*inter alia*) all the payment and performance obligations of the Borrower under the Loan Agreement and the Note, and the Mortgage, each dated December 22, 2005.

3

13.      As further security, on December 22, 2005, Debtor executed and delivered to First National Bank an Assignment of Rents (the "First Assignment") which collaterally assigned to First National Bank and granted a lien on or interest in the rents resulting from and the leases for any portion of the Real Property, and additional collateral described therein.

14.      As further security, on December 22, 2005, Debtor executed and delivered to First National Bank a Commercial Security Agreement which granted a security interest in certain collateral described therein, primarily general intangibles and the assignment of rents.

### *Loan 2 – Note 700000416*

15.      On September 18, 2008, First National Bank (as "Lender"), and GVOC (as "Borrower") executed a Construction Loan Agreement.

16.      Pursuant and subject to the terms, covenants, and conditions of the Construction Loan Agreement, First National Bank agreed to loan GVOC the principal sum of $95,000.

17.      On September 18, 2008, First National Bank loaned GVOC the sum of $95,000, and GVOC executed and delivered a Promissory Note (the "Second Note") in the original principal sum of $95,000 evidencing the indebtedness created by the loan made by First National Bank.

18.      To secure repayment of the Second Note, on September 18, 2008, Debtor executed and delivered to First National Bank a Construction Mortgage (the "Second Mortgage") which granted a mortgage lien on the Real Property and additional collateral

described.  The Second Mortgage was registered as Document No. 4532863 in the office of the Registrar of Titles in and for Hennepin County on September 26, 2008.

19.     The Second Mortgage created a second priority lien on the Real Property and it secures (*inter alia*) all the payment and performance obligations of the Borrower under the Loan Agreement, the Note, and the Mortgage, each dated September 18, 2008.

20.     As further security, on September 18, 2008, Debtor executed and delivered to First National Bank a second Assignment of Rents (the "Second Assignment") which collaterally assigned to First National Bank and granted a lien on or interest in the rents resulting from and the leases for any portion of the Real Property, and additional collateral described therein.

21.     As further security, on September 18, 2008, Debtor executed and delivered to First National Bank a Commercial Guaranty under which Debtor guaranteed the indebtedness owing by GVOC to First National Bank.

**Defaults**

22.     Debtor and GVOC have failed to pay real estate taxes when due in 2014, as set forth below:

> 2014 taxes due w/fees, total for both PIDs = $22,933.71
>
> Parcel #19-029-24-23-0019; Total due $22,591.51, which includes $19,151.56 in taxes, $2681.22 in penalties, $30.00 posting fee and $728.73 interest
>
> Parcel #19-029-24-23-0020; Total due $342.20, which includes $264.18 taxes, $36.98 penalties, $30.00 posting fee and $11.04 interest

23.     Debtor has also not paid property taxes when due on May 15, 2015.

24.     The last payment received by First National Bank on the First Note was

5

received on May 9, 2014, and was applied to amounts that became due in October, 2013, but Debtor remains past due for the monthly payment due on October 20, 2013 and for all months thereafter.

25.    The last payment received by First National Bank on the Second Note was received on May 9, 2014, and was applied to amounts that became due in October, 2013, but Debtor remains past due for the monthly payment due on October 20, 2013 and for all months thereafter.

26.    Debtor and GVOC are in default under the terms of the First and Second Loans.

27.    First National Bank states and represents that the expenses to operate the office building on the Real Property exceed the present rental income, based on information provided by the court-appointed receiver.

28.    First National Bank states and represents that as of May 8, 2015, there was due and owing under the Note bearing the date of December 22, 2005 (Note 700000204), and the First Mortgage, the principal sum of $551,960.28; interest in the amount of $83,943.95; legal/professional fees paid to date of $8,646.41; appraisal fees of $4,950.00; non-sufficient funds check charge back fee of $30.00; late fees in the amount of $6,647.69, and that presently, interest will continue to accrue on the principal and advances made to date at the rate of $143.73 per day, and late fees will continue to accrue at the monthly rate of 5% of the monthly installments required under the Note, both from and after the date hereof; the per diem interest accrual and late fees will change in the event the interest rate changes, or additional advances are made, or the monthly

installments change according to the provisions of the Note and the Mortgage.

29.     First National Bank states and represents that as of May 8, 2015, there was due and owing under the Note bearing the date of September 18, 2008 (Note 700000416), and the Second Mortgage the principal sum of $46,480.60; interest in the amount of $4,995.04; legal/professional fees of $3,444.77; non-sufficient funds check charge back fee of $30.00; and late fees in the amount of $2,475.44, and that presently, interest will continue to accrue on the principal and advances made to date at the rate of $10.65 per day, and late fees will continue to accrue at the monthly rate of 5% of the monthly installments required under the Second Note, both from and after the date hereof; the per diem interest accrual and late fees will change in the event the interest rate changes, or additional advances are made, or the monthly installments change according to the provisions of the Second Note and the Second Mortgage.  First National Bank states and represents that it has incurred certain attorney fees and costs as a result of enforcement under the Notes and Mortgages.

30.     The value of the Real Property, both the real property and the improvements contained therein, has been determined by the Office of the Hennepin County Assessor for 2014 to be $435,000.

31.     First National Bank states and represents that an appraisal from March, 2014 found the liquidation value of the Real Property to be $400,000, and the "as-is" value of the Real Property to be $540,000.

32.     Debtor and First National Bank agree that Debtor has no equity in the Real Property, and that the Real Property is not necessary for an effective reorganization.

**Judicial Foreclosure and the Appointment of a Receiver**

33.     First National Bank commenced a judicial foreclosure action in Minnesota on October 31, 2014, captioned *First National Bank v. Golden Valley Office Center, LLC et al.*, Hennepin County Court File No. 27-CV-14-18239 ("Foreclosure Action").

34.     Upon motion by Plaintiff, an Order appointing a receiver was entered on December 30, 2015 ("Receivership Order").  A true and correct copy of the Receivership Order is attached as Exhibit A to this Stipulation.

35.     Greg Janikula of Elmcrest was appointed as Receiver (the "Receiver").

36.     The Receiver has managed the Real Property since his appointment. The Receiver has collected certain rents, and paid certain expenses as provided under the terms of the Receivership Order and applicable state law.  The Receiver has protected the Real Property from waste and otherwise acted to protect the collateral and preserve the Real Property (as provided by 11 U.S.C. § 543(a)) which partially secures Debtor's obligations under the First and Second Notes and Mortgages.

37.     As the court-appointed receiver and property manager, the Receiver has been in possession of certain rents or profits which may be subject to 11 U.S.C. § 543.

38.     The Real Property is not presently cash-flowing, which has and will require advances on the Loans.

39.     First National Bank reports that no funds have been turned over to First National Bank by the Receiver, and that the Receiver has used all rents to pay expenses to operate the Real Property and Receivership.  In addition, the Receiver has requested additional funds to pay for operation expenses, which First National Bank expects to

advance from the Loans as permitted under the terms of the loan documents.

40.     The rents and profits from the Real Property are encumbered by the perfected liens and security interests of First National Bank

## AGREEMENT

41.     Debtor hereby consents to entry of an Order granting First National Bank relief from the automatic stay for the purpose of permitting the Foreclosure Action or other actions to enforce First National Bank's rights under the loan documents (or deed in lieu of foreclosure, at the discretion of First National Bank) and to protect and manage the Real Property to proceed and the Parties request that the Bankruptcy Court enter an Order granting such relief pursuant to section 362 of the Bankruptcy Code;

42.     Debtor and First National Bank stipulate and request that the Receiver and First National Bank be excused from compliance with 11 U.S.C. § 543, including but not limited to the turn-over of any property of the Debtor which was held or transferred to the Receiver under the Receivership Order, including but not limited to any rents received, security deposits or other property which was turned over or in possession of the Receiver or First National Bank and any other requirements of section 543;

43.     Debtor and First National Bank jointly request that the 14 day stay requirement under Rule 4001(a)(3) be waived.

44.     Debtor and First National Bank jointly request that the Court enter an Order consistent with this stipulation and agreement, in a form similar to the proposed Order attached as Exhibit B to this Stipulation.

Dated: June 24, 2015

CHARLES M. WYNN LAW OFFICES, PA


 /s/ Charles M. Wynn
Charles M. Wynn, Esq. (FL I.D. No 241695)
PO Box 146
Marianna, FL  32447
Phone:  850-526-3520
candy@wynnlaw-fl.com
***Attorney for Debtor***

Dated: June 24, 2015

/s/ Kristopher E. Pearson

Kristopher E. Pearson
Florida Bar No. 0016874
STEARNS WEAVER MILLER
WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:    (305) 789-3259
Facsimile:    (305) 789-2624
Email: kpearson@stearnsweaver.com

AND

Patrick C. Summers (MN I.D. No 028841X)
DEWITT MACKALL CROUNSE & MOORE, S.C.
901 Marquette Avenue, Ste. 1400
Minneapolis, MN 55402
Phone:  612-305-1400
pcs@dewittmcm.com

***Attorneys for Creditor First National Bank***

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing Stipulation, together with the attached exhibits, was served on June 25, 2015, as follows: (a) based on the court docket by Notice of Electronic Filing ("NEF") generated by the Court's CM/ECF system to all parties registered to receive NEF in this case; and (b) by First Class U.S. Mail, postage prepaid, to all parties not registered to receive NEF in this case, as indicated on the attached Service List, including the Debtor and twenty largest unsecured creditors.

*/s/ Kristopher E. Pearson*
Kristopher E. Pearson

**SERVICE LIST**
**Case No.: 15-50144-KKS**
**United States Bankruptcy Court, Northern District of Florida**

The following parties are registered to receive Notice of Electronic Filing and should have been served through CM/ECF.

Jonathan H. Alden
*jonathan.alden@dep.state.fl.us*
*deitra.henderson@dep.state.fl.us*

Jason H. Egan
*jason.h.egan@usdoj.gov*

Kevin L. Hing
*khing@logs.com*
*electronicbankruptcynotices@logs.com*

Holly K. Melzer
*hmelzer@barronredding.com*
*cstephenson@barronredding.com*
*eservice@barronredding.com*

Robert Sterling Rushing
*rushing@carverdarden.com*
*battles@carverdarden.com*

United States Trustee
*USTPRegion21.TL.ECF@usdoj.gov*

Charles M. Wynn
*candy@wynnlaw-fl.com*

**The following parties were served via First Class Mail.**

| | | |
|---|---|---|
| Wayne Earl Dahl<br>5708 East Hwy. 98<br>Panama City, FL 32404<br>*Debtor* | Frederick Brock<br>P.O. Box 10697<br>Jacksonville, FL 32247 | Golden Valley Office Center, LLC<br>810 N. Lilac Drive<br>Suite 273<br>Golden Valley, MN 55422 |
| Shawn M. Dunlevy<br>Fryberger, Buchanan, Smith &<br>Frederick, PA<br>302 West Superior Street, Suite 700<br>Duluth, MN 55802 | Randall D.B. Tigue, Esq.<br>Randall Tigue Law Office, PA<br>201 Golden Valley Office Center<br>810 N. Lilac Drive<br>Golden Valley, MN 55422 | Amex<br>PO Box 297871<br>Fort Lauderdale, FL 33329 |
| American Express<br>P.O. Box 650448<br>Dallas, TX 75265-0448 | Anoka County Tax Collector<br>325 E. Main Street<br>Anoka, MN 55303 | Bay County Property Appraiser<br>850 W 11th Street<br>Panama City, FL 32401-2336 |

13

Chase Mortgage
PO Box 47020
Atlanta, GA 30362

Chase Mortgage
PO Box 24696
Columbus, OH 43224

Credit One Bank Na
PO Box 98875
Las Vegas, NV 89193

Farmers State Bank of New London
1690 S. 1st St.
Willmar, MN 56201

First National Bank of Plymouth
13605 27th Ave., N
Minneapolis, MN 55441

Hancock Bank
1022 W. 23rd St.
Panama City, FL 32405

Hennepin County Tax Collector
300 South 6th Street
Minneapolis, MN 55487

Lake Region Bank
1690 1st St. S.
Willmar, MN 56201

Mobile Diagnostic Imaging Inc.
c/o William R. Skolnick, Esq.
527 Marquette Ave., South
Minneapolis, MN 55402

RP Capital Corporation
5817 West 78th Street
Suite 175
Minneapolis, MN 55439

Seterus f/k/a JPMorgan Chase
Bank. Dept.
PO Box 4128
Beaverton, OR 97076-4128

State of Florida
Dept. of Environmental Protection
3900 Commonwealth Blvd.
MS100
Tallahassee, FL 32399

US Bank
4325 17th Ave S
Fargo, ND 58125

Whitney Bank
228 St. Charles Ave.
New Orleans, LA 70130

#4327683 v1