B25A (Official Form 25A) (12/11)

# United States Bankruptcy Court
## Northern District of Florida

In re __Wayne Earl Dahl__  
                           Debtor(s)

Case No. __15-50144-KKS__  
Chapter __11__

## WAYNE EARL DAHL'S THIRD AMENDED PLAN OF REORGANIZATION

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of **Wayne Earl Dahl** (the "Debtor") from operations of the Debtor and future income.

This Plan provides for __17__ classes of secured claims; __2__ classes of unsecured claims; and __0__ classes of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately __100__ cents on the dollar. This Plan also provides for the payment of administrative and priority claims to the extent permitted by the Code or the claimant's agreement.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   Class 1. All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).

2.02   Class 2. Secured Claim of Alerus Financial on 7699 Viron Road, Fridley, MN

2.03   Class 3. Secured Claim of Ameris Bank formerly Prosperity Bank on 5612 Hwy 98 Bus E, Panama City

2.04   Class 4. Secured Claim of Anoka County Tax Collector

2.05   Class 5. Secured claim of Bay County Tax Collector

2.06   Class 6. Secured claim of Chase Mortgage on Duplex located at 5710 Hwy 98 Bus E, Panama City

2.07   Class 7. Secured claim of Farmers State Bank of New London on 604 North Lilac Drive and 7699 NE Viron Road

2.08   Class 8. Secured Claim of First National Bank of Plymouth (1st Mortgage) on 810 Lilac Drive, Golden Valley, MN

2.09   Class 9. Secured Claim of First National Bank of Plymouth (2nd Mortgage) on 810 Lilac Drive, Golden Valley, MN

2.10   Class 10. Secured Claim of Green Tree Servicing on 177 Hartman Cir, NE, Fridley, MN

2.11   Class 11. Secured Claim of Hennepin County Tax Collector

2.12   Class 12. Secured Claim of Hennepin County Tax Collector on 810 Lilac Drive, Golden Valley, MN

2.13   Class 13. Secured Claim of Lake Region Bank on 604 Lilac Drive, Golden Valley, MN

2.14   Class 14. Secured Claim of Ramsey County Tax Collector on 962 University Ave, St. Paul, MN

2.15   Class 15. Secured Claim of Seterus fka JP Morgan Chase on 5708 Hwy 98 Bus E, Panama City, FL

2.16   Class 16. Secured Claim of the Hennepin County Tax Collector on 604 Lilac Drive, Golden Valley MN; Claim No.8.

2.17   Class 17. Secured Claim of US Bank on 962 University Ave, St. Paul, MN

2.18   Class 18. Secured Claim of Whitney Bank on 5746 Hwy 98 Bus Hwy E, Panama City, FL

2.19   Class 19. Secured Claim of RP Capital on MRI machine and Ford Van.

2.20   Class 20.   Secured Claim of the Internal Revenue Service; Claim No. 5.

2.21   Class 21. All unsecured claims allowed under § 502 of the Code less than $2,000.00.

2.22   Class 22. General Unsecured Creditors with claims in excess of $2,000.00.

2.23   Class 23. General Unsecured Creditors with Personal Guarantees.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01   Unclassified Claims.  Under section §1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes.

3.02   Administrative Expense Claims.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03   Priority Tax Claims.  Each holder of a priority tax claim will be paid consistent with § 1129(a)(9)(C) of the Code.  None are filed at this time.

3.04   United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01   Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
| --- | --- | --- |
| Class 1 - Priority Claims | Unimpaired | Attorney's fees: The Debtor has paid $10,000.00 into the undersigned attorney's trust account which will be applied toward fees approved by the Court. The balance shall be paid in a lump sum from funds accumulated in the Debtor in Possession account.<br><br>Accounting fees will be paid as incurred in the ordinary course of business. |
| Class 2 - Secured Claim of Alerus Financial on 7699 Viron Road, Fridley, MN. | Impaired | Alerus filed claim number 16 which is a fully secured claim secured by real property.  The allowed secured claim is for $195,858.25., plus post-petition interest and attorney's fees.  The allowed claim shall be |

| | | |
|---|---|---|
| | | repaid according to the Adequate protection Order (Doc. No. 86) at $1500.00 per month at 7% interest. The principal and interest due as of October 25, 2016 is $194,158.23 to which is added post-petition costs and attorney's fees of $17,451.50 for a adjusted principal amount of $211,609.73 which will be amortized over 180 months at 7% interest commencing on October 25, 2016. Payments shall be $1,902.01 per month commencing November 25, 2016. The loan shall have a balloon payment on the 84th payment. The payment is exclusive of taxes and insurance which the Debtor shall pay directly.<br><br>The Mortgage contains a scrivener's error in the legal description of the Property as it erroneously refers to the "North 223 feet" rather than the "North 233 feet." The legal description shall be corrected through the filing of a corrective mortgage to correct the legal description as follows:<br><br>*The North 233 feet of the West 230 feet of the Northeast Quarter of the Northwest Quarter and that part of the North 233 feet of the Northwest Quarter of the Northwest Quarter lying Easterly of said Highway No: 65 as the same is now laid out and constructed all in Section 12, Township 30, Range 24, according to the United States Government Survey thereof and situate in Anoka County, Minnesota.*<br><br>The correction of the description shall not impair the lien priority of Alerus.<br><br>Alerus may draft a new note, corrective mortgage and mortgage modification agreement, and such other documents as may be reasonably required by Alerus to document the re-structured indebtedness which shall provide for payments commensurate with the terms of the Plan and Adequate Protection Agreement, as extended. Alerus may additionally record the Plan in the public records in and for Anoka County, Minnesota, which shall act as a modification of the terms of the existing mortgage to the extent consistent with the new loan documents. All of the terms and conditions of the original loan documents between the Debtor and Alerus shall remain in full force and effect, except as expressly modified herein or in the new loan documents to be executed by the Debtor. All other terms of the Adequate Protection Agreement not in conflict herewith or with the terms of the existing or new loan documents are incorporated herein and shall remain in full force and effect. |
| Class 3 – Secured Claim of Ameris Bank formerly Prosperity Bank on 5612 Hwy 98 Bus E, Panama City, FL. | Impaired | Ameris filed Claim no. 1 and is a fully secured creditor in the amount of $338,995.91 which shall be repaid at 6.25% interest amortized over 180 months with payments commencing on February 23, 2016 in the amount of $3,018.40 per month. Payments will continue through October, 2016 in which the balance will be $344,548.86. The attorney's fees and costs of $17,451.50 for Ameris shall be added to the principal balance resulting in a new adjusted principal balance of $362,000.36. This adjusted balance shall be amortized over 172 months. Monthly payments shall be 3191.39 per month commencing November 23, 2016. Payments shall balloon on the 84th payment which is October 23, 2022 at that time all unpaid principal and interest will be due. Payments shall otherwise be made in accordance with the Final Adequate Protection Order entered by the Court. All other terms of the Adequate Protection Agreement not in conflict herewith or with the terms of the existing or new loan documents are incorporated herein and shall remain in full force and effect. |

| Class 4 – Secured Claim of Anoka County Tax Collector | Impaired | **Secured Ad Valorem Property Tax Claims**<br>The Debtor intends to pay the secured tax claim in full from the sale of the real property located 962 University Avenue W, St. Paul, MN. US Bank National Association holds a first mortgage and Lake Region Bank holds a second mortgage on the subject property. Lake Region Bank has agreed for the tax claim to be paid after the payment of closing costs and the satisfaction of the first mortgage. To the extent the claim exceeds available funds, the tax claim may be satisfied from the liquidation of other personal property or will be paid as follows: the claim will be adjusted and the balance paid at 10% interest with payments amortized over 60 months. Payments shall commence on September 15, 2016. If for any reason, the sale of 962 University Avenue W. St. Paul, MN does not occur the tax claim will be paid as set forth below.<br><br>This section shall govern the ad valorem property tax claims "Tax Claims" filed by Anoka County "County" for taxes owing on properties owned by the debtor. The tax claim is estimated to be $77,624.39 which shall be repaid at 10% fixed simple interest with payments to commence on September 15, 2016 over 60 months with monthly payments of $2,225.24. Tax Claims are secured by a lien on real property and are not personal liabilities of the debtor. *See* Minn. Stat. § 272.31. Tax Claims include all property taxes secured by liens that had attached as of the petition date, all interest and penalty that had accrued as of the petition date, and any special assessments certified to the County for inclusion on a property tax bill as of the petition date (collectively, "Pre-petition Taxes").<br><br>1. **Liens Preserved.** All property tax liens that attached to property of the estate prior to the petition date are preserved until the Pre-Petition Taxes are paid in full. Property tax liens shall attach post-petition to real properties by operation of Minnesota law.<br><br>2. **Interest on Tax Claims.** To the extent the County's Tax Claims are over-secured, those Tax Claims shall be entitled to interest at the state statutory rate for delinquent taxes. 11 U.S.C. §§ 506(b), 511, and 1129. Interest shall accrue on any part of the Tax Claims that are delinquent or become delinquent at the rate and in the method prescribed by Minn. Stat. § 279.03.<br><br>3. **Penalties on Tax Claims.** Notwithstanding Minn. Stat. § 279.01, no penalties shall accrue or be charged post-petition on unpaid pre-petition property taxes.<br><br>4. **Payment of Tax Claims.** Tax Claims shall be paid in equal monthly cash installments due on the first of each month. Payments shall commence immediately after entry of the confirmation order. Such payments shall be calculated to result in payment in full of the tax claims with all applicable and accrued interest no later than the fifth anniversary of the petition date. These payments shall include interest from the petition date through the Effective Date and from the Effective Date through the date of payment in full at the applicable state statutory rate. Payments shall be directed to the Anoka County Tax Collector at the following address: |
|---|---|---|

Anoka County Tax Collector
325 E. Main Street
Anoka MN 55303

5. **Application of Tax Claim Payments.** Anoka County shall apply Tax Claim payments in the manner provided by Minnesota Statutes and in its ordinary course of business.

6. **Confessions of Judgment.** Debtor has executed one or more Confessions of Judgment "Judgment" for delinquent taxes pursuant to Minn. Stat. § 279.37, for which payments must be made annually. These Judgments may not be altered except by order of the Hennepin County District Court in which the Judgments are filed. Judgment balances are included in the County's Tax Claims, and the payments required by Minn. Stat. § 279.37 will be satisfied through timely payment of Tax Claims pursuant to this section. After a Judgment is satisfied, the County will file a Satisfaction of Judgment with the district court. In the event this Chapter 11 proceeding is closed or dismissed before satisfaction of a Judgment, the payments required by Minn. Stat. § 279.37 shall resume until a Judgment is satisfied. The terms of a confirmed plan will supersede any confession of judgment.

7. **Payment of Post-Petition Property Taxes.**

   a. **No Administrative Expense Claims Need Be Filed.** The County need not file administrative expense claims for any post-petition taxes not included in its Tax Claims

   b. **Payment Directly to County Treasurer.** Post-petition property taxes **shall be paid in full directly to the County Treasurer in the ordinary course of business on or before the statutory payment dates of May 15 and October 15 each year.** To the extent that taxes payable post-petition are included in the County's Tax Claims and are paid timely in the manner of taxes paid in the ordinary course of business, those payments shall be applied to the Tax Claims.

   c. **Tax Petitions.** In the event that debtor files one or more petitions pursuant to Minn. Stat. § 278.01 to contest the property taxes owing on one or more properties included in the estate, the debtor shall be required to make timely payments in the amount required by Minn. Stat. § 278.03.

8. **Failure to Make Payments.** Failure to make payments pursuant to the Plan, including both payments on Tax Claims and payments of property taxes that become payable post-petition, shall constitute an event of default under the Plan.

| | | In the event of a default, the full balance outstanding on Tax Claims shall be immediately due and payable. The County shall send notice of default to counsel for the Debtor/Reorganized Debtor via certified mail, and the Debtor shall have 30 days from the date of such notice to cure the default. In the event of failure to cure the default timely, the County shall be entitled to pursue collection of all amounts owed pursuant to applicable nonbankruptcy law without further recourse to the Bankruptcy Court and without further notice to the Debtor/Reorganized Debtor.<br><br>9. **Recording Real Estate Documents.** Pursuant to 11 U.S.C. § 1146, the debtor may record real property documents without payment of a stamp tax or similar tax when the document to be recorded is an instrument of transfer or security, which memorializes a transaction made pursuant to this Plan. For purposes of clarification, "stamp tax" refers to the deed tax. At the time such document is presented for recording, the debtor shall present an order of the Bankruptcy Court in this proceeding authorizing the transaction which is the subject of the document to be recorded. Additionally, Minn. Stat. § 272.12 shall not preclude the recording of a document when the debtor presents an order of the Bankruptcy Court in this proceeding authorizing the transaction which is the subject of the document to be recorded. |
|---|---|---|
| Class 5 – Secured claim of Bay County Tax Collector | Impaired | The allowed secured claim of approximately $15,262.17 shall be paid at 18% interest over sixty (60) months with monthly payments of $482.79 per month commencing thirty (30) days after the effective date of confirmation or approximately September 15, 2016 whichever occurs later. |
| Class 6 – Secured claim of Chase Mortgage on Duplex located at 5710 Hwy 98 Bus E, Panama City; Claim No. 19 | Impaired | Chase filed claim number 19 which is treated as a fully secured claim secured by real property located at 5710 Hwy. 98 Business East, Panama City, FL  The allowed secured claim is for $238,408.22 pursuant to a loan modification agreement dated February 4, 2015 (the "Loan Modification Agreement") and is secured by a first lien on the property. The Debtor shall make monthly payments to Chase pursuant to the contractual terms set forth in the subject Note and Mortgage as modified by the terms of the Loan Modification Agreement. Chase shall retain its lien and, except to the extent modified pursuant to this plan, all terms of the Note and Loan Modification Agreement shall remain in full force and effect. The Loan Modification Agreement provides for a new maturity date of February 1, 2055 and a contractual rate of interest of 4.375%. The allowed secured claim shall include post-petition interest and attorney's fees. The allowed claim shall be repaid at $1,045.41 per month for principal and interest, plus monthly escrow for taxes and insurance, with such escrow payments subject to periodic adjustment in the ordinary course. As of August 4, 2016, the Debtor is currently in arrears in the amount of $7,022.73  pursuant to the terms of the Note, Mortgage and Loan Modification Agreement (the "Arrearage"). In addition to the monthly payments for principal, interest and escrow pursuant to the terms of the Note and Mortgage as modified by the Loan Modification Agreement, the Debtor shall pay the Arrearage plus any additional amounts due on the Effective Date, with such payment to be made within thirty (30) days after the Effective Date. The monthly payments for principal, interest, escrow and the cure of arrearages shall commence on July 1, 2016 and shall be made on the 1st of each month |

| | | |
|---|---|---|
| | | thereafter until the loan is paid in full. |
| Class 7 - Secured claim of Farmers State Bank of New London on 604 North Lilac Drive and 7699 NE Viron Road | Unimpaired | The loans on this property were obtained by Class 13 creditor, Lake Regions Bank and shall be treated as set forth therein. |
| Class 8 - Secured Claim of First National Bank of Plymouth (1st Mortgage) on 810 Lilac Drive, Golden Valley, MN; claim no. 23 | Impaired | The debtor has agreed to execute a deed in lieu of foreclosure and related documents to voluntarily turn over the real property and improvements subject to this claim to this secured creditor, as provided for in the court order filed on July 20, 2015, Docket 44. The unliquidated and contested deficiency claim of First National Bank of Plymouth shall be compromised and settled for the amount of $200,000.00 to be paid over 60 months at no interest with payments to commence 30 days after the effective date of confirmation. Payments shall be $3,333.34 per month. |
| Class 9 - Secured Claim of First National Bank of Plymouth (2nd Mortgage) on 810 Lilac Drive, Golden Valley, MN; claim no. 23 | Impaired | The treatment for Class 9 is consolidated with Class 8 above. |
| Class 10 -Secured Claim of DITECH formerly Green Tree Servicing on 177 Hartman Cir, NE, Fridley, MN; claim No. 17. | Impaired | DITECH filed claim number 17 which is treated as a fully secured claim secured by real property located at 177 Hartman Circle, N.E., Fridley, MN. The allowed secured claim as of October 26, 2016 is $219,122.97. The allowed secured claim includes post-petition interest and attorney's fees. The allowed claim shall be repaid at $1,278.74 per month commencing on November 26, 2016 and on the 26th of each month thereafter until the loan is paid in full. The modified loan is amortized over 360 months with interest commencing on October 26, 2016. The payment is exclusive of taxes and insurance which the Debtor shall pay direct unless an escrow is established. |
| Class 11 - Secured Claim of Hennepin County Tax Collector; claim No. 7 | Unimpaired | **Secured Ad Valorem Property Tax Claims**<br><br>The property which is subject of this claim is subject to the mortgage held by Class 8, Creditor, First National Bank of Plymouth. The real property is being surrendered and the tax will be paid upon the liquidation of the property by the secured creditor as the tax runs with the land.<br><br>The claim of Hennepin County, Claim No. 7 in the amount of $842.86 shall be paid in full from the liquidation of the property plus accrued statutory interest. This section shall govern the ad valorem property tax claims "Tax Claims" filed by Hennepin County "County" for taxes owing on properties owned by the debtor. Tax Claims are secured by a lien on real property and are not personal liabilities of the debtor. *See* Minn. Stat. § 272.31. Tax Claims include all property taxes secured by liens that had attached as of the petition date, all interest and penalty that had accrued as of the petition date, and any special assessments certified to the County for inclusion on a property tax bill as of the petition date (collectively, "Pre-petition Taxes").<br>1. **Liens Preserved.** All property tax liens that attached to property of the estate prior to the petition date are preserved until the Pre-Petition Taxes are paid in full. Property tax liens shall attach post-petition to real properties by operation of Minnesota law.<br><br>2. **Interest on Tax Claims.** To the extent the County's Tax Claims are over-secured, those Tax Claims shall be entitled to interest at the state statutory rate for delinquent taxes.  11 |

| | | |
|---|---|---|
| | | U.S.C. §§ 506(b), 511, and 1129.  Interest shall accrue on any part of the Tax Claims that are delinquent or become delinquent at the rate and in the method prescribed by Minn. Stat. § 279.03.<br><br>3. **Penalties on Tax Claims.**  Notwithstanding Minn. Stat. § 279.01, no penalties shall accrue or be charged post-petition on unpaid pre-petition property taxes.<br><br>4. **Payment of Tax Claims.**  Tax Claims shall be paid in full thirty days after the effective date of confirmation.  These payments shall include interest from the petition date through the Effective Date and from the Effective Date through the date of payment in full at the applicable state statutory rate.  Payments shall be directed to the Hennepin County Treasurer at the following address:<br>Hennepin County Treasurer<br>Attn: Vicci Lee<br>A-600 Government Center<br>300 S Sixth Street<br>Minneapolis, MN 55487-0060<br>    5. **Application of Tax Claim Payments.**  Hennepin County shall apply Tax Claim payments in the manner provided by Minnesota Statutes and in its ordinary course of business. |
| Class 12 - Secured Claim of Hennepin County Tax Collector on 810 Lilac Drive, Golden Valley, MN; Claim No. 6. | Impaired | The real property subject to this tax claim was surrendered to First National Bank; class No. 8 above.  The taxes will be paid in full upon the sale of the property by the State Court appointed receiver.<br><br>**Secured Ad Valorem Property Tax Claims**<br>This section shall govern the ad valorem property tax claims "Tax Claims" filed by Hennepin County "County" for taxes owing on properties owned by the debtor in Claim No. 6 in the amount of $58,903.12 will be repaid at 10% fixed simple interest calculated from April 22, 2015.  The claim shall be paid in full upon the sale of the property by the State Court appointed receiver appointed in *First National Bank v. Golden Valley Office Center, LLC et al.*, Hennepin County Court File No. 27-CV-14-18239.<br><br>Tax Claims are secured by a lien on real property and are not personal liabilities of the debtor.  *See* Minn. Stat. § 272.31.  Tax Claims include all property taxes secured by liens that had attached as of the petition date, all interest and penalty that had accrued as of the petition date, and any special assessments certified to the County for inclusion on a property tax bill as of the petition date (collectively, "Pre-petition Taxes").<br>    1. **Liens Preserved.**  All property tax liens that attached to property of the estate prior to the petition date are preserved until the Pre-Petition Taxes are paid in full.  Property tax liens shall attach post-petition to real properties by operation of Minnesota law.<br><br>    2. **Interest on Tax Claims.**  To the extent the County's Tax Claims are over-secured, those Tax Claims shall be entitled to interest at the state statutory rate for delinquent taxes.  11 U.S.C. §§ 506(b), 511, and 1129.  Interest shall accrue on any |

|  |  |  | part of the Tax Claims that are delinquent or become delinquent at the rate and in the method prescribed by Minn. Stat. § 279.03. |
|---|---|---|---|

part of the Tax Claims that are delinquent or become delinquent at the rate and in the method prescribed by Minn. Stat. § 279.03.

3. **Penalties on Tax Claims.** Notwithstanding Minn. Stat. § 279.01, no penalties shall accrue or be charged post-petition on unpaid pre-petition property taxes.

4. **Payment of Tax Claims.** Tax Claims shall be paid in equal monthly cash installments due on the first of each month. Payments shall commence immediately after entry of the confirmation order. Such payments shall be calculated to result in payment in full of the tax claims with all applicable and accrued interest no later than the fifth anniversary of the petition date. These payments shall include interest from the petition date through the Effective Date and from the Effective Date through the date of payment in full at the applicable state statutory rate. Payments shall be directed to the Hennepin County Treasurer at the following address:

Hennepin County Treasurer
Attn: Vicci Lee
A-600 Government Center
300 S Sixth Street
Minneapolis, MN 55487-0060

5. **Application of Tax Claim Payments.** Hennepin County shall apply Tax Claim payments in the manner provided by Minnesota Statutes and in its ordinary course of business.

6. **Confessions of Judgment.** Debtor has executed one or more Confessions of Judgment "Judgment" for delinquent taxes pursuant to Minn. Stat. § 279.37, for which payments must be made annually. These Judgments may not be altered except by order of the Hennepin County District Court in which the Judgments are filed. Judgment balances are included in the County's Tax Claims, and the payments required by Minn. Stat. § 279.37 will be satisfied through timely payment of Tax Claims pursuant to this section [OR: annual payment must be made pursuant to the terms of the Judgment]. After a Judgment is satisfied, the County will file a Satisfaction of Judgment with the district court. In the event this Chapter 11 proceeding is closed or dismissed before satisfaction of a Judgment, the payments required by Minn. Stat. § 279.37 shall resume until a Judgment is satisfied. The terms of a confirmed plan will supersede any confession of judgment.

7. **Payment of Post-Petition Property Taxes.**

    a. **No Administrative Expense Claims Need Be Filed.** The County need not file administrative expense claims for any post-petition taxes not included in its Tax Claims

    b. **Payment Directly to County Treasurer.** Post-petition property taxes **shall be paid in full directly to the County Treasurer in the ordinary course of business on or before the statutory**

|  |  | payment dates of May 15 and October 15 each year. To the extent that taxes payable post-petition are included in the County's Tax Claims and are paid timely in the manner of taxes paid in the ordinary course of business, those payments shall be applied to the Tax Claims.<br><br>c. **Tax Petitions.** In the event that debtor files one or more petitions pursuant to Minn. Stat. § 278.01 to contest the property taxes owing on one or more properties included in the estate, the debtor shall be required to make timely payments in the amount required by Minn. Stat. § 278.03.<br><br>8. **Failure to Make Payments.** Failure to make payments pursuant to the Plan, including both payments on Tax Claims and payments of property taxes that become payable post-petition, shall constitute an event of default under the Plan. In the event of a default, the full balance outstanding on Tax Claims shall be immediately due and payable. The County shall send notice of default to counsel for the Debtor/Reorganized Debtor via certified mail, and the Debtor shall have 30 days from the date of such notice to cure the default. In the event of failure to cure the default timely, the County shall be entitled to pursue collection of all amounts owed pursuant to applicable non-bankruptcy law without further recourse to the Bankruptcy Court and without further notice to the Debtor/Reorganized Debtor.<br><br>9. **Recording Real Estate Documents.** Pursuant to 11 U.S.C. § 1146, the debtor may record real property documents without payment of a stamp tax or similar tax when the document to be recorded is an instrument of transfer or security, which memorializes a transaction made pursuant to this Plan. For purposes of clarification, "stamp tax" refers to the deed tax. At the time such document is presented for recording, the debtor shall present an order of the Bankruptcy Court in this proceeding authorizing the transaction which is the subject of the document to be recorded. Additionally, Minn. Stat. § 272.12 shall not preclude the recording of a document when the debtor presents an order of the Bankruptcy Court in this proceeding authorizing the transaction which is the subject of the document to be recorded. |
| --- | --- | --- |
| Class 13 - Secured Claim of Lake Region Bank on 604 Lilac Drive, Golden Valley, MN; claim No. 4. | Impaired | Lake Region Bank holds a second mortgage on real property referred to in class 2 above and the correction of the mortgage of Alerus will remain in first position and Lake Region Bank shall remain in second lien position.<br><br>Lake Regions Bank filed claim number 4 which is treated as a fully secured claim secured by real property located at 604 Lilac Drive, Golden Valley, MN and a blanket mortgage on several other properties referenced in its mortgage. The allowed secured claim is for $1,580,240.06. The allowed secured claim shall include post-petition interest and attorney's fees. The allowed claim shall be repaid as follows: $8,300.00 shall be paid on or before December 23, 2015 according to the parties' adequate protection |

| | | |
|---|---|---|
| | | order.   Commencing on January 23, 2016 the Debtor shall pay $16,603.58 per month and on the 23rd of each month thereafter until the loan is paid in full.  The modified loan is amortized over 180 months with interest at 5.125% fixed commencing on April 22, 2015.   The payment is exclusive of insurance which the Debtor shall pay direct unless an escrow is established. The payment of $16,603.58 consists of principal and interest in the amount of $13,038.38 plus an escrow payment for real estate taxes in the amount of $3,565.20 for a total of $16,603.58.   Except as amended or modified herein, all other terms of the Adequate Protection Agreement and the existing loan documents remain in full force and effect. |
| Class 14 - Secured Claim of Ramsey County Tax Collector on 962 University Ave, St. Paul, MN; Claim No. 9. | Impaired | **Secured Ad Valorem Property Tax Claims**<br><br>The Debtor intends to pay the secured tax claim in full from the sale of the real property located 962 University Avenue W, St. Paul, MN.  US Bank National Association holds a first mortgage and Lake Region Bank holds a second mortgage on the subject property. Lake Region Bank has agreed for the tax claim to be paid after the payment of closing costs and the satisfaction of the first mortgage. To the extent the claim exceeds available funds, the tax claim may be satisfied from the liquidation of other personal property or will be paid as follows:   the claim will be adjusted and the balance paid at 10% interest with payments amortized over 60 months. Payments shall commence on September 15, 2016.   If for any reason, the sale of 962 University Avenue W. St. Paul, MN does not occur the tax claim will be paid as set forth below.<br><br>This section shall govern the ad valorem property tax claims "Tax Claims" filed by Ramsey County "County" for taxes owing on properties owned by the debtor.   Tax Claims are secured by a lien on real property and are not personal liabilities of the debtor.  *See* Minn. Stat. § 272.31.   Tax Claims include all property taxes secured by liens that had attached as of the petition date, all interest and penalty that had accrued as of the petition date, and any special assessments certified to the County for inclusion on a property tax bill as of the petition date (collectively, "Pre-petition Taxes").<br>1.  **Liens Preserved.**  All property tax liens that attached to property of the estate prior to the petition date are preserved until the Pre-Petition Taxes are paid in full.   Property tax liens shall attach post-petition to real properties by operation of Minnesota law.<br><br>2.  **Interest on Tax Claims.**  To the extent the County's Tax Claims are over-secured, those Tax Claims shall be entitled to interest at the state statutory rate for delinquent taxes.   11 U.S.C. §§ 506(b), 511, and 1129.   Interest shall accrue on any part of the Tax Claims that are delinquent or become delinquent at the rate and in the method prescribed by Minn. Stat. § 279.03.<br><br>3.  **Penalties on Tax Claims.**  Notwithstanding Minn. Stat. § 279.01, no penalties shall accrue or be charged post-petition on unpaid pre-petition property taxes.<br><br>4.  **Payment of Tax Claims.**  Tax Claims shall be paid in equal monthly cash installments due on the first of each month. Payments shall commence immediately after the effective date of the confirmation order.  Such payments shall be calculated to result in payment in full of the tax claims with all applicable |

and accrued interest no later than the fifth anniversary of the petition date. These payments shall include interest from the petition date through the Effective Date and from the Effective Date through the date of payment in full at the applicable state statutory rate. Payments shall be directed to the Ramsey County Taxpayer Services at the following address:

Ramsey County Taxpayer Services
P. O. Box 64097
St. Paul, MN 55164-0097

Ramsey County Property Records and Revenue filed claim no. 9 in the amount of $40,213.19 which shall be repaid at the rate of $1,152.78 per month with interest of 10% commencing on the petition date of April 22, 2015 with the first payment being due and payable on September 15, 2016 and the final payment being due and payable on July 15, 2020.

5. **Application of Tax Claim Payments.** Ramsey County shall apply Tax Claim payments in the manner provided by Minnesota Statutes and in its ordinary course of business.

10. **Confessions of Judgment.** Debtor has executed one or more Confessions of Judgment "Judgment" for delinquent taxes pursuant to Minn. Stat. § 279.37, for which payments must be made annually. These Judgments may not be altered except by order of the Hennepin County District Court in which the Judgments are filed. Judgment balances are included in the County's Tax Claims, and the payments required by Minn. Stat. § 279.37 will be satisfied through timely payment of Tax Claims pursuant to this section [OR: annual payment must be made pursuant to the terms of the Judgment]. After a Judgment is satisfied, the County will file a Satisfaction of Judgment with the district court. In the event this Chapter 11 proceeding is closed or dismissed before satisfaction of a Judgment, the payments required by Minn. Stat. § 279.37 shall resume until a Judgment is satisfied. The terms of a confirmed plan will supersede any confession of judgment.

6. **Payment of Post-Petition Property Taxes.**

    a. **No Administrative Expense Claims Need Be Filed.** The County need not file administrative expense claims for any post-petition taxes not included in its Tax Claims

    b. **Payment Directly to County Treasurer.** Post-petition property taxes shall be paid in full directly to the County Treasurer in the ordinary course of business on or before the statutory payment dates of May 15 and October 15 each year. To the extent that taxes payable post-petition are included in the County's Tax Claims and are paid timely in the manner of taxes paid in the ordinary course of business, those payments shall be applied to the Tax Claims.

    c. **Tax Petitions.** In the event that debtor files one or

|  |  | more petitions pursuant to Minn. Stat. § 278.01 to contest the property taxes owing on one or more properties included in the estate, the debtor shall be required to make timely payments in the amount required by Minn. Stat. § 278.03.<br><br>7. **Failure to Make Payments.** Failure to make payments pursuant to the Plan, including both payments on Tax Claims and payments of property taxes that become payable post-petition, shall constitute an event of default under the Plan. In the event of a default, the full balance outstanding on Tax Claims shall be immediately due and payable. The County shall send notice of default to counsel for the Debtor/Reorganized Debtor via certified mail, and the Debtor shall have 30 days from the date of such notice to cure the default. In the event of failure to cure the default timely, the County shall be entitled to pursue collection of all amounts owed pursuant to applicable nonbankruptcy law without further recourse to the Bankruptcy Court and without further notice to the Debtor/Reorganized Debtor.<br><br>8. **Recording Real Estate Documents.** Pursuant to 11 U.S.C. § 1146, the debtor may record real property documents without payment of a stamp tax or similar tax when the document to be recorded is an instrument of transfer or security, which memorializes a transaction made pursuant to this Plan. For purposes of clarification, "stamp tax" refers to the deed tax. At the time such document is presented for recording, the debtor shall present an order of the Bankruptcy Court in this proceeding authorizing the transaction which is the subject of the document to be recorded. Additionally, Minn. Stat. § 272.12 shall not preclude the recording of a document when the debtor presents an order of the Bankruptcy Court in this proceeding authorizing the transaction which is the subject of the document to be recorded.<br><br>9. The Debtor has filed a Motion to Sell the real property subject to this motion and if granted and the sale is closed, the full amount due the Class 14 creditor will be paid in full from the proceeds of the sale. |
|---|---|---|
| Class 15 - Secured Claim of Seterus fka JP Morgan Chase on 5708 Hwy 98 Bus E, Panama City, FL; claim No. 18 | Unimpaired | The allowed secured claim of Seterus, Claim No. 18, shall remain unimpaired and shall be paid according to the terms of the note and mortgage. |
| Class 16 - Secured Tax Claim of the Hennepin county Tax Collector; Claim No. 8 on 604 Lilac Drive, Golden Valley, MN. | Impaired | **Secured Ad Valorem Property Tax Claims**<br><br>The Debtor intends to pay the secured tax claim in full from the sale of the real property located 962 University Avenue W, St. Paul, MN. US Bank National Association holds a first mortgage and Lake Region Bank holds a second mortgage on the subject property. Lake Region Bank has agreed for the tax claim to be paid after the payment of closing costs and the satisfaction of the first mortgage. To the extent the claim exceeds available funds, the tax claim may be satisfied from the liquidation of other personal property or will be paid as follows: the claim will be adjusted and the |

balance paid at 10% interest with payments amortized over 60 months. Payments shall commence on September 15, 2016. If for any reason, the sale of 962 University Avenue W. St. Paul, MN does not occur the tax claim will be paid as set forth below.

This section shall govern the ad valorem property tax claims "Tax Claims" filed by Hennepin County "County" for taxes owing on properties owned by the debtor in Claim No. 8 in the amount of $158,866.75 will be repaid at 10% fixed simple interest calculated from April 22, 2015. Hennepin County Tax Collector shall be repaid at the rate of $4,554.20 per month with interest of 10% commencing on the petition date of April 22, 2015. The first payment shall be due on September 15, 2016, with the final payment being due and payable on July 15, 2020.

Tax Claims are secured by a lien on real property and are not personal liabilities of the debtor. *See* Minn. Stat. § 272.31. Tax Claims include all property taxes secured by liens that had attached as of the petition date, all interest and penalty that had accrued as of the petition date, and any special assessments certified to the County for inclusion on a property tax bill as of the petition date (collectively, "Pre-petition Taxes").

1. **Liens Preserved.** All property tax liens that attached to property of the estate prior to the petition date are preserved until the Pre-Petition Taxes are paid in full. Property tax liens shall attach post-petition to real properties by operation of Minnesota law.

2. **Interest on Tax Claims.** To the extent the County's Tax Claims are over-secured, those Tax Claims shall be entitled to interest at the state statutory rate for delinquent taxes. 11 U.S.C. §§ 506(b), 511, and 1129. Interest shall accrue on any part of the Tax Claims that are delinquent or become delinquent at the rate and in the method prescribed by Minn. Stat. § 279.03.

3. **Penalties on Tax Claims.** Notwithstanding Minn. Stat. § 279.01, no penalties shall accrue or be charged post-petition on unpaid pre-petition property taxes.

4. **Payment of Tax Claims.** Tax Claims shall be paid in equal monthly cash installments due on the first of each month. Payments shall commence immediately after entry of the confirmation order. Such payments shall be calculated to result in payment in full of the tax claims with all applicable and accrued interest no later than the fifth anniversary of the petition date. These payments shall include interest from the petition date through the Effective Date and from the Effective Date through the date of payment in full at the applicable state statutory rate. Payments shall be directed to the Hennepin County Treasurer at the following address:

Hennepin County Treasurer
Attn: Vicci Lee
A-600 Government Center
300 S Sixth Street
Minneapolis, MN 55487-0060

5. **Application of Tax Claim Payments.** Hennepin County shall apply Tax Claim payments in the manner provided by

Minnesota Statutes and in its ordinary course of business.

6. **Confessions of Judgment.** Debtor has executed one or more Confessions of Judgment "Judgment" for delinquent taxes pursuant to Minn. Stat. § 279.37, for which payments must be made annually. These Judgments may not be altered except by order of the Hennepin County District Court in which the Judgments are filed. Judgment balances are included in the County's Tax Claims, and the payments required by Minn. Stat. § 279.37 will be satisfied through timely payment of Tax Claims pursuant to this section [OR: annual payment must be made pursuant to the terms of the Judgment]. After a Judgment is satisfied, the County will file a Satisfaction of Judgment with the district court. In the event this Chapter 11 proceeding is closed or dismissed before satisfaction of a Judgment, the payments required by Minn. Stat. § 279.37 shall resume until a Judgment is satisfied. The terms of a confirmed plan will supersede any confession of judgment.

7. **Payment of Post-Petition Property Taxes.**

    a. **No Administrative Expense Claims Need Be Filed.** The County need not file administrative expense claims for any post-petition taxes not included in its Tax Claims

    b. **Payment Directly to County Treasurer.** Post-petition property taxes **shall be paid in full directly to the County Treasurer in the ordinary course of business on or before the statutory payment dates of May 15 and October 15 each year.** To the extent that taxes payable post-petition are included in the County's Tax Claims and are paid timely in the manner of taxes paid in the ordinary course of business, those payments shall be applied to the Tax Claims.

    c. **Tax Petitions.** In the event that debtor files one or more petitions pursuant to Minn. Stat. § 278.01 to contest the property taxes owing on one or more properties included in the estate, the debtor shall be required to make timely payments in the amount required by Minn. Stat. § 278.03.

8. **Failure to Make Payments.** Failure to make payments pursuant to the Plan, including both payments on Tax Claims and payments of property taxes that become payable post-petition, shall constitute an event of default under the Plan. In the event of a default, the full balance outstanding on Tax Claims shall be immediately due and payable. The County shall send notice of default to counsel for the Debtor/Reorganized Debtor via certified mail, and the Debtor shall have 30 days from the date of such notice to cure the default. In the event of failure to cure the default timely, the County shall be entitled to pursue collection of all amounts

| | | |
|---|---|---|
| | | owed pursuant to applicable non-bankruptcy law without further recourse to the Bankruptcy Court and without further notice to the Debtor/Reorganized Debtor.<br><br>9. **Recording Real Estate Documents.** Pursuant to 11 U.S.C. § 1146, the debtor may record real property documents without payment of a stamp tax or similar tax when the document to be recorded is an instrument of transfer or security, which memorializes a transaction made pursuant to this Plan. For purposes of clarification, "stamp tax" refers to the deed tax. At the time such document is presented for recording, the debtor shall present an order of the Bankruptcy Court in this proceeding authorizing the transaction which is the subject of the document to be recorded. Additionally, Minn. Stat. § 272.12 shall not preclude the recording of a document when the debtor presents an order of the Bankruptcy Court in this proceeding authorizing the transaction which is the subject of the document to be recorded. |
| Class 17 - Secured Claim of US Bank on 962 University Ave, St. Paul, MN; Claim No. 10 | Impaired | U.S. Bank filed claim number 10 which is treated as a fully secured claim secured by real property located at 962 University Avenue, St. Paul, Minnesota. The allowed secured claim is $109,594.73, which includes unpaid principal and post-petition interest and other fees and charges due under the applicable loan documents (the "U.S. Bank Loan Documents") as of March 10, 2016. The allowed claim shall be paid in 83 installments of $916.17 each, beginning on April 15, 2016, and on the 15th day of each consecutive month thereafter, plus a final payment equal to all unpaid principal, accrued interest and other fees and charges payable under the U.S. Bank Loan Documents on March 15, 2023. As of March 10, 2016 interest is accruing and will continue to accrue on the unpaid principal portion of the allowed claim at an annual rate of 3.95%. Upon confirmation of the Plan, without further action of the Debtor or U.S. Bank, the Debtor shall be deemed to have ratified and confirmed the terms and conditions of the U.S. Bank Loan Documents, which shall remain in full force and effect except as expressly provided in this paragraph. The payment is exclusive of taxes and insurance which the Debtor shall pay direct unless an escrow is established.<br><br>The Debtor has filed a Motion to Sell the real property subject to this motion and if granted and the sale is closed, the full amount due the Class 17 creditor will be paid in full from the proceeds of the sale. |
| Class 18 - Secured Claim of Whitney Bank on 5746 Hwy 98 Bus Hwy E, Panama City, FL; Claim No. 24. | Impaired | Whitney Bank, formerly known as Hancock Bank filed claim number 24 which is treated as a fully allowed secured claim. The allowed secured claim in the amount of $554,331.70 is secured by real property located at 5746 Hwy 98 Bus Hwy E, Panama City, FL or more specifically described in the final judgment entered in the Northern District of Florida against the Debtor and Smuggler's Cove Development, LLC in Case No. 5:14-cv-165-RS-EMT and attached to Whitney Bank's proof of claim number 24. Commencing on May 23, 2016 the Debtor shall pay payments of $8,165.00 over 6 months. The claim is calculated at 6.25% with interest commencing on April 23, 2016 and the first payment due and payable on May 23, 2016. As of October 23, 2016 the principal balance is $522,249.36 plus attorney's fees and costs of $20,000.00 for a total amount due of $544,249.36 which will be paid over 6.5 years or 78 months in the amount of $8,508.48 per month commencing November 23, 2016 with last payment being due April 23, 2023. The payment is exclusive of taxes and insurance |

| | | |
|---|---|---|
| | | which the Debtor shall pay direct unless an escrow is established.<br><br>As additional consideration for Whitney Bank to support the Plan of reorganization, the Debtor agrees:<br><br>1. Smuggler's Cove Development, LLC will guarantee the indebtedness due under the plan and judgment.<br>2. Smuggler's Cove Development, LLC will have a separate forbearance agreement with Whitney Bank in which Whitney Bank will agree to forbear from exercising its rights under judgment provided plan payments are timely met.<br>3. The forbearance agreement will have a probationary period of 6 months where every payment must be made on time or Whitney Bank can immediately exercise its right sunder the judgment.<br>4. Whitney Bank reserves any and all rights under the judgment.<br>5. The appeal of the judgment with the 11th Circuit will be dismissed with prejudice and the adversary in the bankruptcy will be dismissed with prejudice upon entry of the Order Confirming Plan |
| Class 19- RP Capital; Claim No. 15. | Impaired | RP Capital filed claim number 15 which is treated as a fully secured claim which is being treated as fully secured claim according to the parties' stipulation and Adequate Protection Order filed October 15, 2015, Docket No. 111. The allowed secured claim is for $338,118.00. The allowed secured claim shall include post-petition interest and attorney's fees. The allowed claim shall be repaid as follows: Commencing on October 1, 2015 the Debtor shall pay $5,583.86 per month and on the 1st of each month for 12 months. At the end of September, 2016, the balance should be $302,536.69 plus attorney's fees and costs of $9,569.42 giving an adjusted balance due of $312,106.11 which will be paid at 7% interest commencing October 1, 2016 with the first payment due on October 1, 2016 for 64 consecutive months in the amount of $5,823.55 per month. The final payment due January 1, 2022. Unless otherwise stated in the Plan, the terms and conditions of the pre-petition loan documents executed by the Debtor remain in full force and effect. |
| Class 20- United States of America, Internal Revenue Service; Priority Portion of Claim No. 5. | Unimpaired | The United States of America, Internal Revenue Service, amended Claim No. 5 to reflect $0.00 due. |
| Class 21 – General Unsecured Creditors less than $2,000.00 | Unimpaired | Unsecured creditors with claims less than $2,000.00 shall be paid in full for administrative convenience within thirty (30) days after the effective date of the Plan. |
| Class 22 - General Unsecured Creditors with claims in excess of $2,000.00. | Impaired | Unsecured creditors with claims in excess of $2,000.00 that are not personally guaranteed shall be paid according to the attached payment schedule. |
| Class 23 – General Unsecured Creditors with Personal Guarantees. | Unimpaired | Class 23 consists of Claims 2 and 3 by Lake Region Bank for personal guarantees on corporate debts of Stand-up Multi-positional Advantage MRI, PA. These loans shall remain unimpaired and are being paid by the corporation. Except as amended or modified herein, all other terms of the Adequate Protection Agreement and the existing loan documents remain in full force and effect. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01  Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02  Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03  Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01  Assumed Executory Contracts and Unexpired Leases.

(a)  The Debtor assumes the following executory contracts and/or unexpired leases effective upon the [Insert "effective date of this Plan as provided in Article VII," "the date of the entry of the order confirming this Plan," or other applicable date]:

| Name of Other Parties to Lease or Contract | Description of Contract or Lease |
|---|---|
| NONE | |

(b)  The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the [Insert "effective date of this Plan," "the date of the entry of the order confirming this Plan," or other applicable date]. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than __thirty__ ( 30 ) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The Debtors' Plan will be funded from operations of the Debtor and future income from Stand-up Multi-positional Advantage MRI, PA stockholder distributions.

The Debtor advises that the receivables for Stand-up Multi-positional Advantage MRI, P.A. are increasing and with anticipated stockholder distributions, the Debtor will be able to make all payments provided for under the Plan. Additionally, the Debtor is awaiting an income tax refund of approximately $18,000.00. He also has a pending BP claim which is in final settlement stages with an anticipated receivable of approximately $40,000.00 conservatively. The PA also has pending cases with Farmers Insurance, Allstate Insurance, and American Family Insurance. The American Family Insurance case is set for final arguments on appeal on January 27, 2016, and there are damages which have been awarded of approximately $26,000.00 which American Family has escrowed with the lower Court as a supersedeas bond pending appeal. The precedential effect of the ruling, if upheld, will result in the potential payment of millions of dollars for medical services which were inappropriately paid to patient attorneys and not to the medical provider as required by the patient's assignment of benefits claim forms which were timely provided to the insurance carriers and perfected by UCC liens.

The Debtor will deposit the net proceeds from the sale of the real property located at 962 University Drive in the Debtor in possession account. From these funds the Debtor will pay arrearage claims provided for as lump sum payment under the Plan and will pay allowed costs and attorney's fees of Debtor's counsel. The Debtor may then use funds, as available, to retire real property post-petition tax obligations and then pre-petition real property obligations due under the Plan in order to increase available monthly cash flow.

On a worst case scenario, in the event of a cash flow short fall, post confirmation, the Debtor will liquidate sufficient non-exempt personal property to insure plan payments are timely made.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01  Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: [Insert additional definitions if necessary].

8.02  Effective Date of Plan.  The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation.  If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03  Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04  Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05  Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06  Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

9.01  Discharge.  Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE X
## OTHER PROVISIONS

**Reserved.**

Respectfully submitted this _____ day of _____, 2016

By:  /s/ Wayne Earl Dahl
     **Wayne Earl Dahl**

By:  /s/ Charles M. Wynn
     **Charles M. Wynn**
     Attorney for the Plan Proponent
     CHARLES M. WYNN, ESQ.
     CHARLES M. WYNN LAW OFFICES, PA
     P.O. Box 146
     Marianna, FL 32447
     850-526-3520
     FL Bar #0241695
     court@wynnlaw-fl.com

Wayne Dahl - proposed payment schedule - from property sale

| Class | Claim | Creditor | Collateral | Amount Owed | Paying | Interest | Term | Monthly Payment |
|---|---|---|---|---|---|---|---|---|
| 2 | 16 | Alerus | 7699 Viron Road | $ 195,858.25 | $ 195,858.25 | 7.000% | 15 years | $ 1,792.45 |
| 3 | 1 | Ameris | 5612 Hwy 98 Bus E | $ 338,995.91 | $ 338,995.91 | 6.250% | 15 years | $ 3,018.40 |
| 4 | | Anoka County Tax Collector | no claim | $ 77,624.39 | to be paid in full from sale of real property | | | |
| 5 | | Bay County Tax Collector | no claim | $ 15,262.17 | $ 15,262.17 | 18.000% | 60 months | $ 482.79 |
| 6 | 19 | Chase Mortgage | Duplex at 5710 Hwy 98 Bus E | $ 238,408.22 | $ 238,408.22 | 4.375% | 30 years | $ 1,256.01 |
| 7 | | Farmers State Bank | 604 North Lilac and 7699 NE Viron Road | unknown | --- | --- | --- | --- |
| 8 | 23 | First National Bank - 1st Mortgage | 810 Lilac Drive | $ 766,949.91 | $ 200,000.00 | 0.000% | 60 months | $ 3,333.34 |
| 9 | | First National Bank - 2nd Mortgage | filed 1 claim for both mortgages | $ - | --- | --- | --- | --- |
| 10 | 17 | Green Tree Servicing - First Option Mortgage | 177 Harman Circle | $ 224,846.98 | $ 224,846.98 | 2.875% | 30 years | $ 949.98 |
| 11 | 7 | Hennepin County Tax Collector | Parcel ID given (no address) | $ 842.86 | to be paid in full within 60 days of confirmation | | | |
| 12 | 6 | Hennepin County Tax Collector | 810 Lilac Drive | $ 58,903.12 | $ - | surrendered property | | |
| 13 | 4 | Lake Region Bank | 604 Lilac Drive | $ 1,580,240.06 | $ 1,580,240.06 | 7.250% | 15 years | $ 16,603.58 |
| 14 | 9 | Ramsey County Tax Collector | 962 University Drive | $ 40,213.19 | to be paid in full from sale of real property | | | |
| 15 | 18 | Seterus fka JP Morgan Chase | 5708 Hwy 98 Bus E | $ 271,055.66 | $ 271,055.66 | 4.375% | | $ 1,303.48 |
| 16 | 8 | Hennepin County Tax Collector | 604 Lilac Drive | $ 158,866.75 | to be paid in full from sale of real property | | | |
| 17 | 10 | US Bank | 962 University Drive | $ 119,962.91 | to be paid in full from sale of real property | | | |
| 18 | 24 | Whitney Bank | 5746 Hwy 98 Bus E | $ 507,103.86 | $ 507,103.86 | 6.250% | 7 years | $ 8,165.00 |
| 19 | 15 | RP Capital | MRI Machine and Ford Van | $ 338,118.00 | $ 338,118.00 | 7.000% | 76 months | $ 5,583.86 |
| 20 | 5 | IRS - Amended 5/3/16 | 2012 income taxes | $ - | $ - | 3.000% | 48 months | $ - |
| | | | TOTAL | $ 4,933,252.24 | | | | $ 42,488.89 |
| 21 | | Unsecured Creditors < $2,000.00 | to be paid in full upon confirmation | | | | | |
| | 20 | American Express | | $ 76.85 | | | | |
| | 21 | BellSouth | | $ 502.64 | | | | |
| | | Amex (3873) | | $ 9.00 | | | | |
| | | Credit One Bank NA | | $ 10.00 | | | | |
| | | US Bank (1981) | | $ 56.00 | | | | |
| 22 | | Unsecured Creditors > $2,000.00 personal guarantee | | | | | | |
| | 2 | Lake Region Bank (7627) | | $ 199,262.47 | paid by SUMA | | | |
| | 3 | Lake Region Bank (7627) | | $ 80,849.16 | paid by SUMA | | | |
| 23 | | Unsecured creditors > $2,000.00 | | | | | | |
| | 22 | US Bank | | $ 12,306.22 | 6% over 5 years with a payment of $237.91 | | | |